UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL AMES,<br><br>            Plaintiff,<br><br>    v.<br><br>MARK LINDQUIST, et al.,<br><br>            Defendants. | CASE NO. C16-5090 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND |

      This matter comes before the Court on Defendants Mark Lindquist, Mark and Chelsea Lindquist, and Pierce County's ("Defendants") motion to dismiss (Dkt. 13). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

      On February 2, 2016, Plaintiff Michael Ames filed a complaint against Defendants in Pierce County Superior Court for the State of Washington. Dkt. 1, Exh. 1 ("Comp."). Ames asserts causes of action for violations of his constitutional rights, conspiracy to violate his civil rights, abuse of process, invasion of privacy, constructive discharge, outrage, and indemnification. *Id*.

On February 22, 2016, Defendants filed a motion to dismiss. Dkt. 13. On March 14, 2016, Ames responded. Dkt. 15. On March 18, 2016, Defendants replied. Dkt. 16.

## II. DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

In this case, Defendants argue that Ames has failed to state valid claims for relief. The Court agrees. For example, Ames claims violations of his civil rights by providing labels of constitutional rights (Free Speech, Due Process, Equal Protection, etc.) and then sets forth conclusory allegations that fail in a coherent manner to correlate specific factual allegations with the elements of each cause of action. *See* Comp. ¶¶ 6.1–6.22. In addition, Ames asserts a breach of contract claim against Defendants, but fails to allege any contract existed between him and Defendant Lindquist in either his official or individual capacity. Therefore, the Court grants Defendants' motion to dismiss.

1     In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Ames requests leave to amend (Dkt. 15 at 24) while Defendants oppose the request (Dkt. 16 at 11). Defendants, however, fail to show that they are able to comprehend Ames's claims to the extent that any amendment would be futile. Because the Court is unable to determine what factual allegations form the basis of each claim, the Court is unable to determine that any amendment would be futile. Therefore, the Court grants Ames leave to amend.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 13) is **GRANTED** and Ames is **GRANTED** leave to amend. Ames shall file an amended complaint no later than May 6, 2016.

Dated this 21st day of April, 2016.

BENJAMIN H. SETTLE
United States District Judge