UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL AMES,

                        Plaintiff,

        v.

MARK LINDQUIST, et al.,

                        Defendants.

CASE NO. C16-5090BHS

ORDER GRANTING
DEFENDANTS' MOTION IN
PART, DENYING THE MOTION
IN PART, RESERVING RULING
IN PART, REQUESTING
ADDITIONAL BRIEFING, AND
RENOTING MOTION

This matter comes before the Court on Defendants Mark Lindquist, Chelsea
Lindquist, and Pierce County's ("Defendants") motion to dismiss (Dkt. 26), the Court's
request for additional briefing on Plaintiff Michael Ames's ("Ames") First Amendment
claims (Dkt. 32), and the parties supplemental briefs (Dkts. 33, 34). The Court has
considered the pleadings filed in support of and in opposition to the motion and the
remainder of the file and hereby rules, in part, as follows:

## I. PROCEDURAL HISTORY

On February 2, 2016, Plaintiff Michael Ames ("Ames") filed a complaint against
Defendants in Pierce County Superior Court for the State of Washington.  Dkt. 1, Exh. 1.

1  Ames asserted causes of action for violations of his constitutional rights, conspiracy to

2  violate his civil rights, abuse of process, invasion of privacy, constructive discharge,

3  outrage, and indemnification.  *Id*.  On February 22, 2016, Defendants filed a motion to

4  dismiss.  Dkt. 13.  On April 21, 2016, the Court granted the motion concluding that Ames

5  failed to connect factual allegations to the elements of his causes of action and granted

6  Ames leave to amend.  Dkt. 21.

7       On May 5, 2016, Ames filed a First Amended Complaint ("FAC") asserting six

8  causes of action: (1) violations of his civil rights, including his First Amendment right to

9  freedom of speech, right to redress or petition, and right to access the courts and his

10 Fourteenth Amendment rights to procedural and substantive due process, (2) abuse of

11 process, (3) invasion of privacy, (4) constructive discharge/breach of contract, (5)

12 outrage, and (6) indemnification.  Dkt. 24.  The FAC is 72 pages long, and Ames

13 attached 320 pages of appendices.  *Id*.

14      On May 19, 2016, Defendants filed a motion to dismiss.  Dkt. 26.  On June 5,

15 2016, Ames responded.  Dkt. 29.  On June 10, 2016, Defendants replied and moved to

16 strike portions of Ames's response.  Dkt. 30.  On July 20, 2016, the Court requested

17 additional briefing on Ames's First Amendment claims.  Dkt. 32.  On July 25, 2016,

18 Ames filed a supplemental brief.  Dkt. 33  On July 29, 2016, Defendants filed a

19 supplemental brief.  Dkt. 34.

20                              **II. FACTUAL HISTORY**

21      In March of 1988, Pierce County hired Ames as a law enforcement officer.  FAC,

22 ¶ 2.1.  In 2001, the Pierce County Sheriff's Department promoted Ames to detective, and,

ORDER - 2

in 2007, Ames began his assignment as Pierce County's Computer Crimes Detective. *Id.* at ¶ 5.2. With regard to Ames's First Amendment claims, Ames contends that he spoke out on multiple matters of public concern and sought redress on matters of public concern. *Id.* at ¶¶ 6.42–6.49. Ames alleges that Defendants retaliated against him in various ways and that the retaliation culminated in his constructive discharge. *Id.* at ¶¶ 6.56–6.65.

### III. DISCUSSION

**A.    Failure to Respond**

Defendants argue that the Court should dismiss Ames's claims because Ames failed to respond to the Court's request for additional briefing on Ames's First Amendment claims. Dkt. 34 at 2–3. The Court agrees that Ames failed to submit briefing as requested, but disagrees that the failure rises to the level of dismissal. At most, it shows that the Court is providing Ames numerous opportunities to state his positions and Ames either cannot or will not clarify his claims. Regardless, the Court will address the merits of the claims based on the current record.

**B.    Statute of Limitations**

"A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002).

In this case, Ames asserts, and Defendants do not dispute, that the applicable statute of limitations date is October 9, 2012. Dkt. 33 at 2. Ames lists multiple allegations of retaliatory acts that occurred after this date. *Id.* at 7–13. While Defendants identify alleged retaliatory acts that occured before the operative date, they fail to address

the allegations that occurred after the date.  Dkt. 34 at 3–6.  Therefore, Ames has met his

burden by alleging retaliatory acts within the applicable statute of limitations.

**C.    First Amendment**

"[P]ublic employees do not surrender all their First Amendment rights by reason

of their employment. Rather, the First Amendment protects a public employee's right, in

certain circumstances, to speak as a citizen addressing matters of public concern."

*Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006).  If the employee's speech raises a First

Amendment claim, then "[t]he question becomes whether the relevant *government entity*

had an adequate justification for treating the employee differently from any other member

of the general public."  *Id*. at 418 (emphasis added).

> Acknowledging the limits on the state's ability to silence its
> employees, the Supreme Court has explained that "[t]he problem in any
> case is to arrive at a balance between the interests of the [public employee],
> as a citizen, in commenting upon matters of public concern and the interest
> of the State, as an employer, in promoting the efficiency of the public
> services it performs through its employees."

*Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009) (citing *Pickering v. Bd. of Educ.*, 391

U.S. 563, 568 (1968)).

This area of the law is less than settled, and Ames's allegations raise a number of

concerns.  The Ninth Circuit has stated as follows.

> In the forty years since *Pickering*, First Amendment retaliation law
> has evolved dramatically, if sometimes inconsistently. Unraveling
> Pickering's tangled history reveals a sequential five-step series of
> questions: (1) whether the plaintiff spoke on a matter of public concern; (2)
> whether the plaintiff spoke as a private citizen or public employee; (3)
> whether the plaintiff's protected speech was a substantial or motivating
> factor in the adverse employment action; (4) whether the state had an
> adequate justification for treating the employee differently from other

members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech.

*Eng*, 552 F.3d at 1070.  In order to state a claim against a government employer for violation of the First Amendment, an employee must show (1) that he or she engaged in protected speech; (2) that the employer took "adverse employment action"; and (3) that his or her speech was a "substantial or motivating" factor for the adverse employment action.  *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003).

In light of these principles, it is at least unclear whether Ames has a cause of action against fellow employees in addition to his employer.  Ames alleges that Lindquist, as a fellow employee of Pierce County and not a supervisor, retaliated against him.  While the employer may sometimes be liable for the actions of its employees, Ames has failed to present an adequate legal theory that he has a cause of action against another employee for First Amendment retaliation.  Allegations regarding a prosecutor abusing his powers may be troubling, but this case does not involve a supervisor with a "heightened interest[] in controlling speech made by an employee in his or her professional capacity."  *Garcetti*, 547 U.S. at 422 (2006).  Ames's allegations state that a government official, who was not a supervisor, retaliated against Ames for Ames's protected activities.  In such a case, there is no need to balance the employer's interests in promoting the efficiency of the services it provides.  *Eng*, 552 F.3d at 1070.

For example, Ames alleges he was retaliated against for filing a declaratory judgment action to clear his name.  FAC, ¶ 6.48.  Ames alleges that, because the sheriff's department refused to allow him an opportunity to clear his name, he was forced to file a

1   declaratory injunction action in state court.  *Id*. at ¶ 5.25.  Ames alleges that Lindquist

2   retaliated by generating and/or authoring conclusory declarations "proclaiming Ames

3   dishonest."  *Id*. at 6.53.  The declarations were filed in opposition to Ames's complaint in

4   his declaratory judgment action.  *Id*.  Assuming these facts state a valid claim for relief,

5   they have nothing to do with the employee-employer relationship.

6          In sum, the case law and underlying theory protecting public employee speech

7   does not protect all potential public employees from all public employee retaliation.

8   Therefore, the Court grants Defendants' motion on Ames's First Amendment employee

9   speech retaliation claims against Mark Lindquist in his official and individual capacity

10   and his marital community and dismisses these claims with prejudice.[1]

11          With regard to Pierce County, as employer, it also argues that Ames has failed to

12   state a claim.  First, Pierce County argues that Ames's alleged protected speech was only

13   on matters of purely personal interest.  Dkt. 34 at 6–7.  The Court disagrees because,

14   viewing the complaint liberally, Ames has sufficiently alleged that he spoke about

15   fraudulent overtime schemes in the police department and other governmental wastes of

16   resources.  These allegations, if true, could conceivably be considered matters of public

17   concern.

18

19          [1] This ruling does not reach any potential claim regarding Lindquist as a government

20   official retaliating against Ames for protected actions as a citizen exercising his First
    Amendment rights.  *See*, *e.g*., *Sloman v. Tadlock*, 21 F.3d 1462, 1469 (9th Cir.1994) (In order to
    demonstrate a First Amendment violation, a plaintiff must provide evidence showing that "by his

21   actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence
    was a substantial or motivating factor in [the defendant's] conduct.").  Such speech is also not

22   restricted to the public concern requirement.  *Garcetti*, 547 U.S. at 421–22.

1      Second, Defendants argue that Ames has failed to allege a specific adverse

2 employment action directly related to a discrete retaliatory act.  Dkt. 34 at 7–9.  The

3 Court agrees to the extent that there appears to be some problems with causation in this

4 matter.  These issues, however, may not be determined on a motion to dismiss because

5 the Court must accept Ames's allegations relating to causation as true.

6      Third, Defendants argue that constructive discharge is not an adverse employment

7 action.  Based on the record and the Court's review of the relevant law, the Court agrees.

8 Ames, however, has alleged transfer of job duties such as the removal of certain criminal

9 investigations and Pierce County's failure to provide indemnification in certain civil

10 suits.  The Court concludes that such allegations fall within the gambit of adverse

11 employment actions in the Ninth Circuit.  *Ray v. Henderson*, 217 F.3d 1234, 1240–41

12 (9th Cir. 2000) ("We have found that a wide array of disadvantageous changes in the

13 workplace constitute adverse employment actions.").

14      Finally, Defendants argue that Ames has failed to properly plead a municipal

15 liability claim against Pierce County.  Dkt. 34 at 9–10.  Ames, however, has sufficiently

16 alleged that Pierce County has failed to supervise and train employees, including

17 employees in the sheriff's department, leading to the alleged deprivations of Ames's

18 constitutional rights.  FAC, ¶¶ 6.34–6.40.  These are sufficient allegations to overcome a

19 motion to dismiss because, at this stage of the proceeding, Ames does not have to

20 "prove" the allegations.  *See* Dkt. 34 at 10 (stating that "Plaintiff must prove [his claim]

21 . . . .").

22

**D.    Due Process Claims**

The Court will next address Ames's due process claims and requests additional briefing on only those claims.

**IV. ORDER**

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 26) is **GRANTED in part** and Ames's First Amendment public employee speech claims are dismissed against Mark and Chelsea Lindquist, **DENIED in part** as to Ames's First Amendment claims against Pierce County.

Ames may file a supplemental response on his due process claims no longer than 24 pages, no later than October 19, 2016; Defendants may file a supplemental reply no longer than 12 pages, no later than October 28, 2016; and the Clerk shall renote Defendants' motion for consideration on the Court's October 28, 2016 calendar. Footnotes may be used for citation purposes only.  Any substantive material contained in a footnote will be ignored.

Dated this 6th day of October, 2016.

BENJAMIN H. SETTLE
United States District Judge