UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL AMES,

                Plaintiff,

     v.

MARK LINDQUIST, et al.,

                Defendants.

CASE NO. C16-5090BHS

ORDER DENYING
PLAINTIFF'S MOTION FOR
RECONSIDERATION,
GRANTING IN PART
DEFENDANTS' MOTION TO
DISMISS, GRANTING
PLAINTIFF LEAVE TO
AMEND, REQUESTING
ADDITIONAL BRIEFING,
AND RENOTING MOTION

     This matter comes before the Court on Defendants Mark Lindquist, Chelsea

Lindquist, and Pierce County's ("Defendants") motion to dismiss (Dkt. 26) and Plaintiff

Michael Ames's ("Ames") motion for reconsideration (Dkt. 37). The Court has

considered the pleadings filed in support of and in opposition to the motion and the

remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

     On February 2, 2016, Ames filed a complaint against Defendants in Pierce County

Superior Court for the State of Washington.  Dkt. 1, Exh. 1. Ames asserted causes of

action for violations of his constitutional rights, conspiracy to violate his civil rights,

abuse of process, invasion of privacy, constructive discharge, outrage, and

indemnification.  *Id*.  On February 22, 2016, Defendants filed a motion to dismiss.  Dkt. 13.  On April 21, 2016, the Court granted the motion concluding that Ames failed to connect factual allegations to the elements of his causes of action and granted Ames leave to amend.  Dkt. 21.

On May 5, 2016, Ames filed a First Amended Complaint ("FAC") asserting six causes of action: (1) violations of his civil rights, including his First Amendment right to freedom of speech, right to redress or petition, and right to access the courts and his Fourteenth Amendment rights to procedural and substantive due process, (2) abuse of process, (3) invasion of privacy, (4) constructive discharge/breach of contract, (5) outrage, and (6) indemnification.  Dkt. 24.  The FAC is 72 pages long, and Ames attached 320 pages of appendices.  *Id*.

On May 19, 2016, Defendants filed a motion to dismiss.  Dkt. 26.  On October 6, 2016, the Court granted the motion in part, reserved ruling in part, and requested additional briefing.  Dkt. 35.  On October 18, 2016, Ames filed a supplemental brief.  Dkt. 36.  On October 19, 2016, Ames filed a motion for reconsideration.  Dkt. 37.  On October 28, 2016, Defendants filed a supplemental reply.  Dkt. 38.  On December 27, 2016, Defendants filed a request for judicial notice.  Dkt. 39.

## II. DISCUSSION

**A.      Motion for Reconsideration**

Motions for reconsideration are governed by Local Rule 7(h), which provides:

Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the

prior ruling or a showing of new facts or legal authority which could not
have been brought to its attention earlier with reasonable diligence.

Local Rules, W.D. Wash. LCR 7(h).

In this case, it is unclear whether Ames moves for reconsideration on the basis of
new facts and/or authority or a manifest error of law. Regarding the former, Ames
correctly concludes that his "claims against Pierce County that were not dismissed would
include entity liability based upon the acts and omissions of Lindquist as a government
official." Dkt. 37 at 3. Accordingly, Lindquist as a witness or integral actor for the
alleged deprivations is fundamentally different than Lindquist as a party. The Court
concludes that Ames has failed to show a manifest error of law on this issue.

Regarding new facts or authority, the motion highlights some of the problems with
Ames's shotgun-style approach to stating his claims. For example, Ames cites, for the
first time, *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1072 (2012), for the
proposition that a "subordinate officer who is not the final decision maker can still be
liable under § 1983 if he set[s] in motion a series of acts by others which the actor knows
or reasonably should know would cause others to inflict the constitutional injury." Dkt.
37 at 3–4. The Court agrees with Ames that this is valid precedent. Ames, however, fails
to correlate precedent with factual allegations in his complaint. The two relevant
paragraphs in his complaint provide as follows:

> Defendant Mark Lindquist directed his subordinates in the acts and
> failures to act that deprived Mike Ames of his First Amendment and
> Fourteenth Amendment (Due Process) rights.
> Defendant Mark Lindquist set in motion a series of acts by his
> subordinates that he knew or reasonably should have known would cause

his subordinates to deprive Mike Ames of his First Amendment and
Fourteenth Amendment (Due Process) rights.

Dkt. 24 ¶¶ 6.17, 6.18.  These allegations do not state a claim under *Karl* because, if the

lead prosecutor is not an "employer" for purposes of First Amendment liability,

subordinate prosecutors would definitely not be considered Ames's employers either.

Therefore, even under Ames's new authority, his complaint still fails to state a claim.

Finally, Ames argues that he is prejudiced by "having to argue his case on a [Rule]

12(b)(6) motion, divulging all his theories, before he has the opportunity to fully develop

them . . . ."  Dkt. 37 at 6.  Contrary to Ames's assertion, the rules of procedure require

Ames to provide "a short and plain statement of the claim showing that the pleader is

entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  If Ames fails to do so, then there is no

need for discovery.  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)

(Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its

face.").  Accordingly, the Court denies Ames's motion for reconsideration.

**B.**     **Motion to Dismiss**

Ames alleges violations of his procedural and substantive due process rights.  FAC

¶¶ 6.69–6.81.  Defendants move to dismiss these claims because Ames has failed to state

a claim, the claims are barred by the statute of limitations, and Defendants are entitled to

immunity.  Dkt. 38.

**1.**     **Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

Procedure may be based on either the lack of a cognizable legal theory or the absence of

sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action.  *Twombly*, 127 S. Ct. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

### 2.    Claims

In this case, Ames's failure to clearly set forth factual allegations in support of his claims is not only fatal in and of itself, but also precludes consideration of statute of limitations issues and relevant immunities.

### a.    Statute of Limitations

Defendants argue that Ames's due process claim *may* be barred by the statute of limitations.  It is undisputed that Ames has alleged facts that occurred before the applicable statute of limitations.  The problem, however, is that the complaint and Ames's opposition are filled with unnecessary and irrelevant allegations of fact that make it extremely difficult to determine which allegations actually form the basis of a claim and whether the claim is time barred.  Asserting every possible allegation of fact in an unorganized manner is one method of litigating, but it does not lead to the orderly and efficient administration of justice.  Thus, the Court agrees with Defendants that Ames's claim *may* be time-barred.  If and when the relevant allegations are identified, Defendants

and the Court will be in a better position to assess the timeliness of the claims.

Otherwise, there exists only a potential for dismissal on this issue.

### b. Procedural Due Process

Ames alleges that Defendants violated his procedural due process rights. Comp.
¶¶ 6.69–.73. Generally, "[w]here a person's good name, reputation, honor, or integrity is
at stake because of what the government is doing to him, notice and an opportunity to be
heard are essential." *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971). The
Supreme Court has:

> [r]ecognized the serious damage that could be inflicted by branding a
> government employee as 'disloyal,' and thereby stigmatizing his good
> name. But the Court has never held that the mere defamation of an
> individual, whether by branding him disloyal or otherwise, was sufficient to
> invoke the guarantees of due process absent an accompanying loss of
> government employment.

*Paul v. Davis*, 424 U.S. 693, 706 (1976) (footnote omitted). To prove his claim, Ames
"must show that '(1) the accuracy of the charge is contested; (2) there is some public
disclosure of the charge; and (3) the charge is made in connection with termination of
employment.'" *Mustafa v. Clark Cnty. Sch. Dist.*, 157 F.3d 1169, 1179 (9th Cir. 1998)
(citing *Matthews v. Harney Cnty.*, 819 F.2d 889, 89192 (9th Cir. 1987)). "If a liberty
interest is thereby implicated, the employee must be given an opportunity to refute the
stigmatizing charge." *Id*. (citing *Codd v. Velger*, 429 U.S. 624, 627 (1977)).

In this case, Ames asserts five paragraphs of allegations in support of his
procedural due process claim. FAC ¶¶ 6.69–.73. First, Ames alleges that:

> Defendants have denied Mike Ames any administrative remedies
> and have failed to take action. Defendants refused to investigate his

> whistleblower retaliation complaint that he filed when he received the
> prosecutor's 2014 "PIE" correspondence on the grounds that he was
> already retired, yet defendants continued their retaliation after they
> constructively discharged him.

*Id*. ¶ 6.69. The alleged failure to provide administrative remedies and failure to "take action" are too conclusory to establish any element of a procedural due process claim. Moreover, Ames fails to explain how a failure to investigate his whistleblower complaint establishes any element of a due process claim. In fact, he fails to cite any authority to support the proposition that a failure to investigate violates due process, which is founded on the notion of "notice and an opportunity to be heard . . . ." *Wisconsin*, 400 U.S. at 437. Similarly, retaliation has nothing to do with procedural due process. Therefore, this paragraph fails to allege any fact establishing any element of a due process claim.

Second, Ames alleges that "Defendants have denied him a name clearing hearing." FAC ¶ 6.70. Ames, however, is only entitled to a hearing if he establishes the elements of his claim. *Mustafa*, 157 F.3d at 1179. Thus, this allegation refers more to the remedy for the public disclosure of stigmatizing material rather than the violation itself.

Third, Ames includes a paragraph referencing procedural protections for whistleblowers and advanced notice of public filings. Specifically, he alleges as follows:

> Defendants have denied Mike Ames the procedural protections
> associated with whistleblower reports. Det. Ames was not advised that an
> unfounded whistleblower complaint would be used as "Brady" material.
> Det. Ames was not advised nor notified that the prosecutor's office was
> preparing declarations to discredit him using his statement to [Jeffrey]
> Coopersmith, and he had no opportunity to challenge the declarations prior
> to filing.

FAC ¶ 6.71.  Ames fails to cite any authority for the proposition that he has a constitutional due process right to prior notice of a publically stigmatizing report or court filing.  Thus, allegations of the failure to give notice of either the whistleblower complaint or the declaration do not establish any element of a due process claim.

Fourth, Ames alleges that Defendants' actions impeded the efficient and orderly administration of criminal matters.  Ames alleges as follows:

> Defendants violated the underlying policy objectives behind "Brady" disclosures by manufacturing false "Brady" materials, which disrupt and interfere with the rights of criminal defendants and further disrupt the proceedings in criminal cases like the *George* case. The proceedings are disrupted and delayed addressing potential impeachment evidence that is not credible. Lindquist attempted to impeach Ames though [sic] judicial edict in criminal matters to discredit his testimony in *Dalsing* that implicated the prosecutor's office.

*Id*. ¶ 6.72.  Ames has failed to show that the disruption of independent criminal matters establishes a violation of his procedural due process rights.  Thus, these allegations are unnecessary and irrelevant.

Fifth, Ames alleges that Defendants failed to follow their own internal protocols.  Specifically, Ames alleges as follows:

> Defendants put Det. Ames under investigation outside the protocols and procedures prescribed in the department's Lexipol Policy 1020 and other prior policies, procedures and memorandums that afford due process protections like notice and an opportunity to be heard.

*Id*. ¶ 6.73.  Ames, however, fails to show that any violation of a municipal policy establishes a constitutional due process violation.  Therefore, based on the allegations in the complaint, Ames has failed to provide sufficient factual allegations showing any

entitlement to relief, *Twombly*, 127 S. Ct. at 1965, and the Court grants Defendants'

motion to dismiss Ames's procedural due process claim.

In the event the court finds that dismissal is warranted, the court should grant the

plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v.*

*Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In Ames's supplemental brief, he

provides additional allegations in support of his claim that Defendants publically

disclosed stigmatizing statements. Dkt. 36 at 4–6. Ames cites a declaration by deputy

civil prosecutor James Richmond declaring that Ames made false statements under oath.

*Id*. at 4–5 (citing Dkt. 29-1 at 3). The Court is cognizant of the difficulties Ames faces

linking this statement to the named defendants and overcoming immunities, but, at this

point, it is at least conceivable that such an allegation could form the basis of a claim.

Therefore, the Court grants Ames leave to amend this claim.

The Court also notes that the remainder of the allegations in Ames's brief appear

to have been publically disclosed after Ames left the police force. For example, Ames

stated that he would retire from the sheriff's office on March 21, 2014, Dkt. 24-1 at 3, but

alleges that declarations filed in May of 2014 support his procedural due process claim,

Dkt. 36 at 5 (citing 24-1 at 211–219). Ames fails to explain how conduct subsequent to

his constructive discharge or forced quit is connected to the prior loss of government

employment. *See Paul*, 424 U.S. at 706 ("the Court has never held that the mere

defamation of an individual, whether by branding him disloyal or otherwise, was

sufficient to invoke the guarantees of due process absent an accompanying loss of

government employment.").  In other words, alleged defamation post deprivation of employment does not appear to implicate constitutional protections.

### c.  Substantive Due Process

"The substantive component of the Due Process Clause 'forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" *Dunn v. Reynolds Sch. Dist. No. 7*, No. CV-09-1259-HU, 2010 WL 4718781, at *11 (D. Or. Nov. 15, 2010) (citing *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998)).  The Ninth Circuit has "held that a plaintiff can make out a substantive due process claim if she is unable to pursue an occupation and this inability is caused by government actions that were arbitrary and lacking a rational basis." *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 997 (9th Cir. 2007) *aff'd* 553 U.S. 591 (2008).  This claim is available only in "extreme cases." *Id*.  Such circumstances include "a government blacklist, which when circulated or otherwise publicized to prospective employers effectively excludes the blacklisted individual from his occupation, much as if the government had yanked the license of an individual in an occupation that requires licensure." *Id*. (quoting *Olivieri v. Rodriguez*, 122 F.3d 406, 408 (7th Cir. 1997)).  In order to state a claim, Ames must present evidence of "government employer actions that foreclose access to a particular profession to the same degree as government regulation." *Id*. at 998.

To support a claim, a plaintiff must show "that the character and circumstances of a public employer's stigmatizing conduct or statements are such as to have destroyed an employee's freedom to take advantage of other employment opportunities." *Id*. (quoting

*Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 531 (7th Cir. 2000)) (internal

quotation marks omitted). "It is not enough that the employer's stigmatizing conduct has

some adverse effect on the employee's job prospects; instead, the employee must show

that the stigmatizing actions make it virtually impossible for the employee to find new

employment in his chosen field." *Id.*

In this case, Ames provides seven paragraphs of allegations supporting his

substantive due process claim. FAC ¶¶ 6.74–6.84. First, Ames alleges as follows:

> Defendant Mark Lindquist and his office destroyed Det. Ames [sic]
> career and Pierce County's top computer forensic examiner. Defendants
> violated his substantive due process rights because it is inherently unfair to
> generate false information about a civil servant without providing him any
> opportunity to clear his good name. Defendants have violated his
> substantive due process rights by failing to conduct an independent
> investigation into his whistleblower complaint and his whistleblower
> retaliation complaint. Defendants have violated basic principles of fairness
> by using an unfounded whistleblower complaint as potential impeachment
> evidence simply because it was a complaint against the prosecutor's office.
> This creates an inherently unfair and disparate impact on law enforcement
> officers who then have no ability to blow the whistle on prosecutorial
> misconduct without forfeiting their career due to the inherent risk that the
> complaint will not be independently investigated and will necessarily be
> ruled unfounded and later disseminated as "Brady" material against the
> officer. Defendants have violated Mike Ames [sic] substantive due process
> rights by using Mark Lindquist's personal attorney to discredit Mike Ames.
> Defendants have violated Mike Ames [sic] substantive due process rights
> by failing to hold Mark Lindquist accountable for the acts of misconduct
> identified in the Busto whistleblower investigation report specific to Ames.

*Id.* ¶ 6.74. This paragraph is filled with vague, conclusory, and irrelevant allegations.

For example, Ames alleges that Defendants have violated his due process "rights by

failing to hold Mark Lindquist accountable for the acts of misconduct" in a whistleblower

complaint. *Id.* Ames, however, fails to explain how his rights are violated because

another government official has not been held accountable.  Ames is essentially asserting that failure to punish Lindquist is conscience-shocking conduct that prevents Ames from pursuing his chosen profession.   Such an allegation is simply not in accordance with any relevant authority.  Therefore, the Court grants Defendants' motion as to the allegations in this paragraph.

Second, Ames alleges that "Mark Lindquist's retaliatory actions described above under Mike Ames [sic] First Amendment claim are incorporated into his substantive due process claims in this section." *Id*. ¶ 6.75.  This conclusory allegation violates the rules of pleading because it fails to put either the Court or Defendants on notice of what "retaliatory actions" form the basis for a substantive due process claim.  Therefore, the Court grants Defendants' motion on this paragraph.

Third, Ames asserts three paragraphs of allegations regarding the manufacturing of evidence.  Specifically, Ames alleges as follows:

> Defendants have manufactured and created their own pre-textual "Brady" materials against Mike Ames using their own false statements of dishonesty and an unfounded whistleblower investigation that was not prepared in an unbiased and a non-prejudicial manner.
> Mark Lindquist and his office have filed dishonest declarations with the court.
> Mark Lindquist has [sic] his office have published negative and false statements about Ames in the press.

*Id*. ¶¶ 6.76–.78.  While these are the strongest allegations to support actions that could shock the conscience, the allegations are not correlated with allegations that Ames is virtually excluded from his profession.  *See Engquist*, 478 F.3d at 998 ("substantive due process protects the right to pursue an entire profession, and not the right to pursue a

particular job.").  Moreover, without identifying the particular false statements or

declarations, Defendants and the Court are unable to evaluate whether Defendants are

entitled to relevant immunities.  Therefore, the Court grants Defendants' motion to

dismiss these paragraphs.

Fourth, Ames asserts irrelevant allegations regarding the treatment of others.

These allegations are as follows:

> Defendants have not treated others who are supportive of Mark
> Lindquist and who have not spoken out against Mark Lindquist or
> otherwise sought redress from the misconduct of his office in the retaliatory
> manner defendants have treated Mike Ames.
> Defendants have treated others like Glenda Nissen who is also a
> whistleblower against Mark Lindquist and his office in the same retaliatory
> manner as they have treated Mike Ames.

FAC ¶¶ 6.79–.80.  Ames fails to show how the treatment of others supports his

substantive due process claim.  Therefore, the Court grants Defendants' motion to

dismiss these paragraphs.

Fifth, Ames alleges that Defendants have "constructively discharged [him] without

cause . . . ."  FAC ¶ 6.81.  Constructive discharge, however, is not the standard for a

substantive due process claim.  *See Engquist*, 478 F.3d at 998.  Therefore, the Court

grants Defendants' motion to dismiss Ames's substantive due process claim because he

has failed to assert sufficient factual allegations to support an entitlement to relief.

In the event the court finds that dismissal is warranted, the court should grant the

plaintiff leave to amend unless amendment would be futile.  *Eminence Capital*, 316 F.3d

at 1052.  Ames has asserted on several occasions that he was constructively discharged.

To establish constructive discharge in the Ninth Circuit, a plaintiff must demonstrate that

"a reasonable person in his position would have felt that he was forced to quit because of intolerable and discriminatory working conditions." *Huskey v. City of San Jose*, 204 F.3d 893, 900 (9th Cir. 2000) (citation omitted). The Court is skeptical that such circumstances would result in an "extreme case" of stigmatization and rise to the level of a substantive due process claim, which requires a complete foreclosure to a particular profession. *See Engquist*, 478 F.3d at 998. The Court has reviewed the complaint, Ames's briefs, and his letter of resignation, and Ames fails to assert allegations that he is forever precluded from pursuing a profession in law enforcement. In fact, in his letter of resignation, he stated that, due to the unjust *Brady* label, his "law enforcement reputation and career continue to be damaged." Dkt. 24-1 at 9. Yet, damaged career prospects does not amount to an "extreme case" wherein Ames's freedom to pursue a profession is "destroyed." *Engquist*, 478 F.3d at 998. In fact, if Ames's career was destroyed, his termination would have been via actual termination instead of a constructive discharge. The Court, however, is unable to conclude that at this time any amendment would be futile. Therefore, the Court grants Defendants' motion to dismiss Ames's substantive due process claim without prejudice and grants Ames leave to amend.

## C. Remaining Issues

Due to Ames's voluminous filings, the Court has separated consideration of the issues in this matter. Having issued orders on the federal issues, the Court will consider the state law claims. Ames may file a supplemental response no later than May 12, 2017, Defendants may file a supplemental reply no later than May 19, 2017, and the Clerk shall

1  renote Defendants' motion to dismiss for consideration on the Court's May 19, 2017

2  calendar.

### III. ORDER

4  Therefore, it is hereby **ORDERED** that Plaintiffs' motion for reconsideration

5  (Dkt. 37) is **DENIED**, Defendants' motion to dismiss (Dkt. 26) is **GRANTED in part**

6  **without prejudice** as to Ames's due process claims, and Ames is **GRANTED leave to**

7  **amend** these claims.

8  The parties may file supplemental briefing as set forth herein, and the Clerk shall

9  renote Defendants' motion.

10  Dated this 26th day of April, 2017.

_____
BENJAMIN H. SETTLE
United States District Judge