UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL AMES,

                Plaintiff,

    v.

MARK LINDQUIST, et al.,

                Defendants.

CASE NO. C16-5090BHS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND

This matter comes before the Court on Defendants Mark Lindquist, Chelsea Lindquist, and Pierce County's ("Defendants") motion to dismiss (Dkt. 26). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On February 2, 2016, Ames filed a complaint against Defendants in Pierce County Superior Court for the State of Washington. Dkt. 1, Exh. 1. Ames asserted causes of action for violations of his constitutional rights, conspiracy to violate his civil rights, abuse of process, invasion of privacy, constructive discharge, outrage, and indemnification. *Id*. On February 22, 2016, Defendants filed a motion to dismiss. Dkt. 13. On April 21, 2016, the Court granted the motion concluding that Ames failed to

connect factual allegations to the elements of his causes of action and granted Ames leave to amend. Dkt. 21.

On May 5, 2016, Ames filed a First Amended Complaint ("FAC") asserting six causes of action: (1) violations of his civil rights, including his First Amendment right to freedom of speech, right to redress or petition, and right to access the courts and his Fourteenth Amendment rights to procedural and substantive due process, (2) abuse of process, (3) invasion of privacy, (4) constructive discharge/breach of contract, (5) outrage, and (6) indemnification. Dkt. 24. The FAC is 72 pages long, and Ames attached 320 pages of appendices. *Id*.

On May 19, 2016, Defendants filed a motion to dismiss. Dkt. 26. On October 6, 2016, the Court granted the motion in part, reserved ruling in part, and requested additional briefing. Dkt. 35. On April 26, 2017, the Court granted the motion in part, reserved ruling in part, and requested additional briefing on Ames' state law claims. Dkt. 41. On May 12, 2017, Ames filed a supplemental brief. Dkt. 43. On May 19, 2017, Defendants replied. Dkt. 44.

## II. DISCUSSION

### A.  Motion to Dismiss

#### 1.  Standard

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the

complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Twombly*, 127 S. Ct. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

**2. Abuse of Process**

"Abuse of process requires two essential elements: '(1) the existence of an ulterior purpose—to accomplish an object not within the proper scope of the process—and (2) an act in the use of legal process not proper in the regular prosecution of the proceedings.'" *Hough v. Stockbridge*, 152 Wn. App. 328, 343–44 (2009) (quoting *Fite v. Lee*, 11 Wn. App. 21, 27 (1974)).

In this case, Ames asserts a straightforward claim of abuse of process. Ames alleges that Defendants fabricated false information about Ames and then disseminated the material to defense attorneys in certain criminal cases and filed the material in a civil case. FAC ¶¶ 6.89–6.94. Defendants argue that they are absolutely immune from any cause of action based on a prosecutor disclosing *Brady* material. Dkt. 14 at 2–4. The Court agrees to the extent that a prosecutor produces material that he is aware of, but disagrees if the prosecutor produces material that he knowingly fabricated. For example, if a prosecutor gives a defense attorney an independent investigative report that contains impeachment evidence, then immunity applies. *See Broam v. Bogan*, 320 F.3d 1023, 1029–1032 (9th Cir. 2003). Such an activity falls squarely within the prosecutor's duty

to turn over exculpatory material regardless of the prosecutor's own belief in the truthfulness of the material that was generated by another. *Id*. On the other hand, Defendants have failed to cite authority for or persuade the Court that a prosecutor is immune from liability for fabricating and distributing impeachment evidence with the ulterior motive of discrediting a particular police officer.

Ames, at least in part, asserts a claim for abuse of process based on the prosecutor's fabrication and dissemination of *Brady* material. Based on the current record, Ames asserts facts to plausibly state a claim for relief. Ames alleges that Pierce County prosecutors prepared declarations containing information that they knew was false. FAC ¶ 6.91. Ames alleges that the prosecutors then filed the declarations for retaliatory purposes and to accomplish the objective of discrediting Ames in various criminal cases. *Id*. The Court concludes that these allegations sufficiently state a claim for relief. Therefore, the Court denies Defendants' motion to dismiss Ames's abuse of process claim.

### 3. Invasion of Privacy – False Light - Defamation

Ames lumps these three causes of action together and provides numerous, compound paragraphs of mixed factual allegations and legal conclusions to support his claims. FAC ¶¶ 6.95–6.122. On the other hand, Defendants provide under two pages of opposition asserting multiple defenses, including immunity and the statute of limitations. Dkt. 44 at 7–8. Based on the current record, it is impossible for the Court to adequately consider the merits of the claims or the merits of the motion without engaging in guesswork. All in all, there appears to be sufficient allegations to support causes of

action for the publicizing of false statements.  Therefore, based solely on the appearance of a claim, the Court denies Defendants' motion on these claims.  If Defendants attack the next complaint, they should specifically address each allegation.

**4. Constructive Discharge – Contract Breach – Breach of Contract**

Ames alleges that Defendants breached his contract of employment when he was constructively discharged without cause.  FAC ¶¶ 6.123–6.133.  This does not make sense because the two theories are mutually exclusive.

> A discharge may be express or constructive. Either way, it will support a cause of action only if it was *wrongful*. It will not support a cause of action if it was *rightful*. Consequently, the law does not recognize an action for *constructive discharge*; instead, it recognizes an action for wrongful discharge, which may be either express or constructive.

*Riccobono v. Pierce Cty.*, 92 Wn. App. 254, 263 (1998).  Thus, the first problem with Ames's claim is that it should be titled wrongful discharge.

The second problem with Ames's claim is the confusion whether Ames's discharge was express or constructive.  Ames alleges that he was forced to resign early, which would seem to support an action for constructive discharge.  Ames, however, attempts to convert the constructive discharge into a claim for an express discharge by alleging that Defendants terminated him without cause.  In the absence of allegations supporting an express discharge, the allegations of termination without cause are unnecessary and confusing.  Therefore, the Court grants Defendants' motion to dismiss Ames's breach of contract claim because, as alleged, it does not make sense.  Ames may plead in the alternative, but a reasonable preliminary investigation should reveal whether Ames had a contract of employment.

Finally, Ames alleges a claim for constructive discharge in violation of public policy. FAC ¶ 6.134. While Ames cites appropriate authority for this cause of action, he fails to recognize that each circumstance begins with the operative phrase "where employees are fired for . . . ." Dkt. 43 at 17. Ames fails to allege an express termination. Moreover, this cause of action is one of the "exceptions to the terminable-at-will doctrine." *Gardner v. Loomis Armored Inc.*, 128 Wn.2d 931, 935 (1996). Ames alleges that he was employed pursuant to a contract, which would contradict a cause of action relating to terminable-at-will employment. In fact, there is no cause of action for the constructive discharge of terminable-at-will employment. *Riccobono*, 92 Wn. App. at 265 ("an action [for constructive discharge] lies when employment is terminable for cause, but not when employment is terminable at will."). Therefore, in the absence of authority to the contrary, the Court grants Defendants' motion to dismiss Ames's wrongful termination in violation of public policy claim.

**5. Outrage**

In order to state a claim for intentional infliction of emotional distress, the plaintiff must allege: "(1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to plaintiff of severe emotional distress." *Kloepfel v. Boker*, 149 Wn.2d 192, 195–96 (2003) (citations omitted). This tort also is synonymous with the tort of "outrage." *Id*. The court must initially determine if reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability. *Dicomes v. State*, 113 Wn.2d 612, 630 (1989). Public figures and officials

must prove falsity and actual malice in order to prevail on an outrage claim. *Hustler Magazine v. Falwell*, 485 U.S. 46, 56 (1988).

In this case, Defendants argue that "Ames does not offer any factual allegations to support outrage . . . ." Dkt. 44 at 11. The Court agrees to the extent that this claim does not include separate allegations of falsity or actual malice. With regard to Ames's allegations on the other elements, he offers a paragraph that spans over three pages. FAC ¶ 6.146. "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A reliance on common sense and a conscientious effort to produce a pleading that is readily comprehensible to the opposing litigant and the district court are the best guides for a pleader to follow." 5A Wright & Miller, Fed. Prac. & Proc. Civ. § 1322 (3d ed.). Even if the operative paragraph contained sufficient allegations, it violates the rules of coherent pleading. Therefore, the Court grants Defendants' motion to dismiss Ames's outrage claim.

**6.     Indemnification**

Ames asserts a claim for indemnification for legal expenses incurred in a separate civil matter. The relevant state statute provides:

> Whenever an action or proceeding for damages is brought against any past or present officer, employee, or volunteer of a local governmental entity of this state, arising from acts or omissions while performing or in good faith purporting to perform his or her official duties, such officer, employee, or volunteer may request the local governmental entity to authorize the defense of the action or proceeding at the expense of the local governmental entity.

RCW 4.96.041(1). The local governmental entity may create a procedure to determine whether the acts or omissions were within the scope of official duties or in good faith purported to be within those duties. RCW 4.96.041(2). If they were, the request will be granted and the "necessary expenses of defending the action or proceeding shall be paid by the local governmental entity." *Id*.

Ames also alleges that the failure to indemnify violated the county code. FAC, ¶ 6.164. The county code implementing RCW 4.96.041 provides as follows:

> Pierce County agrees, as a condition of employment or acceptance of services to defend upon proper request, all civil claims or civil actions for damages brought or maintained against its officers, employees and/or volunteers arising out of the acts, errors or omissions in the performance or good faith attempt to perform, the official duties of said officer, employee or volunteer.

PCC 2.120.010(A).

In this case, the fundamental problem with Ames's claim is that the underlying action was not "brought against" Ames for damages. Ames admits this by alleging that "Lynn Dalsing sued Pierce County for wrongful incarceration." FAC, ¶ 6.151. Ames sought to redress some allegations in the matter that Ames misidentified Mrs. Dalsing in some photographs. He hired separate counsel to do so and incurred expenses. There is absolutely no authority for the proposition that a local governmental entity must reimburse an employee that seeks to intervene in a legal matter to testify on his own behalf. Therefore, the Court grants Defendants' motion and dismisses Ames's indemnification claim with prejudice.

### 7. Relief

Dismissal with prejudice is proper under Rule 12(b)(6) only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

In this case, the Court dismisses a claim with prejudice and the remainder without prejudice. The Court is absolutely certain that Ames can prove no set of facts to support a claim for indemnification. Thus, the Court dismisses this claim with prejudice. On the other hand, it does not appear beyond doubt that Ames's other state law claims are fatally deficient. The closest call is Ames's breach of contract claim, but Ames could possibly assert some allegations to cure the identified deficiencies in this claim. Whether asserting such allegations complies with Rule 11 is not before the Court at this time. Moreover, Ames's other claims fail for either reasons of clarity or the absence of sufficient operative allegations. Therefore, the Court grants Ames leave to amend.

## III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 26) is **GRANTED in part** and **DENIED in part** and Ames is **GRANTED leave to amend**. An amended complaint shall comply with this order and the other orders of the Court, Dkts. 32, 35, 41, and shall be filed no later than June 30, 2017.

Dated this 21st day of June, 2017.

_____
BENJAMIN H. SETTLE
United States District Judge