UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL AMES,<br><br>              Plaintiff,<br><br>    v.<br><br>MARK LINDQUIST, et al.,<br><br>              Defendants. | CASE NO. C16-5090 BHS<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION |

This matter comes before the Court on Defendants Mark Lindquist ("Lindquist"), Mark and Chelsea Lindquist, and Pierce County's ("County") (collectively, "Defendants") motion to stay pending appeal (Dkt. 55) and Plaintiff Michael Ames's ("Ames") CR 54(b) and 28 U.S.C. § 1292(b) motion on finality of order (Dkt. 61). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On February 1, 2016, Ames filed a complaint in Pierce County Superior Court for the State of Washington against Defendants asserting numerous causes of action. Dkt. 1-1. On February 6, 2016, Defendants removed the matter to this Court. Dkt. 1.

On May 5, 2016, Ames filed an amended complaint. Dkt. 24. On May 19, 2016, Defendants moved to dismiss. Dkt. 24. The Court divided the motion into three parts and requested additional briefing. Dkt. 32. On October 6, 2016, The Court granted the motion in part and denied the motion in part. Dkt. 35. The Court denied the motion on Ames's first amendment claims against the County. *Id*. On April 26, 2017, the Court granted the motion on Ames's due process claims and granted Ames leave to amend. Dkt. 41. On June 21, 2017, the Court granted the motion in part and denied it in part, dismissed Ames's state law indemnification claim with prejudice, and granted Ames leave to amend other state law claims. Dkt. 45.

On June 30, 2017, Ames filed an amended complaint. Dkt. 46. On July 14, 2017, Defendants filed a motion to dismiss. Dkt. 49. On December 11, 2017, the Court granted the motion in part and dismissed Ames's due process claim with prejudice, denied the motion on all other remaining claims, and denied Lindquist absolute and qualified immunity. Dkt. 52.

On December 26, 2017, Lindquist appealed the denial of immunity as a matter of right. Dkt. 53. Defendants also filed a motion to stay pending appeal. Dkt. 55. On January 3, 2018, Ames responded. Dkt. 59. On January 8, 2018, Defendants filed an amended reply. Dkt. 63.

On January 3, 2018, Ames filed a cross-appeal and a motion requesting the entry of an order permitting him to appeal the Court's dismissal of the due process claim. Dkt. 61. On January 16, 2018, Defendants responded. Dkt. 66. On January 19, 2018, Ames replied. Dkt. 67.

## II. DISCUSSION

**A.     Motion to Stay**

An official may immediately appeal the Court's denial of immunities based on legal questions. *A. K. H by & through Landeros v. City of Tustin*, 837 F.3d 1005, 1010 (9th Cir. 2016). This type of interlocutory appeal "divests the district court of jurisdiction to proceed with trial." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (citation omitted). The district court, however, is deprived of jurisidiciton only "over the particular issues involved in that appeal." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001). In other words, the district court "still has jurisdiction over aspects of the case that are not the subject of the appeal." *Castro v. Melchor*, 760 F.Supp.2d 970, 1003 (D. Hawaii 2010) (citations omitted).

When considering a motion to stay other aspects of the case pending appeal, a district court must examine four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted). In *Nken*, the Supreme Court noted that:

> A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. The fact that the issuance of a stay is left to the court's discretion does not mean that no legal standard governs that discretion . . . . A motion to a court's discretion

> is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.

*Id*. at 433–34 (internal citations and quotations omitted).

In this case, Defendants have failed to meet their burden. Ames has pled numerous allegations supporting each of his claims. While Lindquist may be entitled to immunity from some allegations supporting some of the claims, Ames has alleged at least one other allegation, if accepted as true, to support each claim. For example, if Lindquist successfully appeals the issue of whether he is entitled to immunity from allegation A supporting claim 1, the Court has determined that Ames has at least one other allegation, i.e. allegation B, that supports claim 1 regardless of Lindquist's immunity. *See* Dkt. 52. These are the circumstances of this particular case. Under these circumstances, the Court concludes that a stay is not appropriate to appeal the immunity defenses to some, but not all the allegations supporting each claim. Moreover, Defendants fail to establish sufficient reason to stay Ames's claims against the County pending Lindquist's appeal of his individual immunity defenses. Therefore, the Court denies Defendants' motion.

**B.     Ames's Motion**

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b).

In this case, Ames argues that there is no just reason for delay in entering a final judgment on the Court's dismissal of his due process claims. The Court agrees and finds that judicial economy will be served by seeking review of this issue at this time. The panel will be asked to review hundreds of allegations in Lindquist's appeal, and Ames's appeal will only add a few more allegations to review. Moreover, the issues on this appeal are not intertwined with the issues remaining in the case because the Court dismissed the claims based on a failure to assert sufficient allegations to state a claim and the Court's refusal to allow Ames an opportunity to amend the complaint a third time. *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) ("A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule"). Therefore, the Court grants Ames's motion in part and denies it in part as moot.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to stay pending appeal (Dkt. 55) is **DENIED**, Ames's CR 54(b) and 28 U.S.C. § 1292(b) motion on finality of order (Dkt. 61) is **GRANTED in part** and **DENIED in part** as moot, and the Clerk shall enter **JUDGMENT** in favor of Defendants on Ames's Fourteenth Amendment due process claims.

The parties shall also file a joint status report no later than February 16, 2018.

Dated this 31st day of January, 2018.

BENJAMIN H. SETTLE
United States District Judge